104 F.3d 350
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Menachem Mendel MINKOWITZ, Defendant-Appellant.
 No. 96-1131.
 United States Court of Appeals, Second Circuit.
 Sept. 26, 1996.
 
 Appearing for Appellant: Louis M. Freeman, Freeman, Nooter & Ginsberg, New York, NY.
 Appearing for Appellee: Ronald White, Assistant United States Attorney, Eastern District of New York, Brooklyn, NY.
 Present MESKILL, WINTER, CABRANES, Circuit Judges.
 
 
 1
 Menachem Mendel Minkowitz appeals from his conviction and sentence following a jury trial before Judge Block. Minkowitz was convicted for conspiracy to transport stolen motor vehicles in foreign commerce and to possess stolen motor vehicles which had crossed a United States boundary, in violation of 18 U.S.C. § 371 (count one); transportation of stolen motor vehicles in foreign commerce, in violation of 18 U.S.C. § 2312 (count two); possession of stolen motor vehicles which had crossed a United States boundary, in violation of 18 U.S.C. § 2313(a) (count three); and credit card fraud, in violation of 18 U.S.C. § 1029 (count four). Minkowitz was sentenced to 21 months imprisonment and two years supervised release. Minkowitz was also ordered to pay a special assessment of fifty dollars on each count.
 
 
 2
 Appellant argues that the district court erred in admitting certain evidence pursuant to Fed.R.Evid. 404(b), and in assessing him a two-level increase for a managerial role under Sentencing Guidelines § 3B1.1(c). Both arguments are without merit.
 
 
 3
 The evidence offered at trial showed that Minkowitz participated in a scheme to steal cars whereby vehicles were rented in Canada using phony credit cards and then driven to the United States. Minkowitz challenges the admission of evidence of two American Express cards found in his possession at the time of his arrest but carrying a name different from his own. These two credit cards did not form the basis of the credit card fraud charge in count four, nor were they the cards used to rent the cars in the stolen vehicle charges in counts one through three. However, American Express records showed that the address and telephone number for these two cards matched the address and telephone number of the card used to rent one of the stolen vehicles in count three.
 
 
 4
 A district court's ruling on admissibility under Rule 404(b) "will not be overturned on appeal absent a clear showing of abuse of discretion." United States v. Pitre, 960 F.2d 1112, 1119 (2d Cir.1992); United States v. Smith, 727 F.2d 214, 220 (2d Cir.1984). The district court may admit prior act evidence, or evidence of other wrongdoing, under Rule 404(b) if certain conditions are met. First the court must determine that the evidence is being offered for a proper purpose--one other than to prove the defendant's bad character or criminal propensity. Next, the trial court must determine if the evidence is relevant to an issue in the case, and, if so, conclude that its probative value is not substantially outweighed by the danger of unfair prejudice. Finally, upon request, the district court must give an appropriate limiting instruction to the jury. Pitre, 960 F.2d at 1119. Here, the district court made specific findings complying with these standards and issued an appropriate instruction to the jury.
 
 
 5
 Under Rule 404(b), "[e]vidence of other crimes, wrongs, or acts" may be admissible for purposes such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." In this circuit, the "inclusionary" approach to the Rule is followed under which " 'evidence of prior crimes, wrongs, or acts is admissible for any purpose other than to show a defendant's criminal propensity.' " United States v. Lasanta, 978 F.2d 1300, 1307 (2d Cir.1992) (citing United States v. Brennan, 798 F.2d 581, 589 (2d Cir.1986)); Pitre, 960 F.2d at 1118-9; United States v. Roldan-Zapata, 916 F.2d 795, 804 (2d Cir.1990), cert. denied, 499 U.S. 940 (1991).
 
 
 6
 In the instant case, Judge Block specifically found that the challenged evidence was probative on the issues of intent, identity, knowledge, absence of mistake or accident, and proof of plan. Judge Block noted that the evidence could be used to prove "sort of a modus operandi" and that it also bore "on the question of knowledge and absence of mistake and motive ... and intent." This ruling is entirely consistent with other cases admitting evidence in analogous situations. See, e.g., United States v. Muniz, 60 F.3d 65, 69 (2d Cir.1995) (admitting evidence of empty glassine envelopes found in room where defendant was arrested as part of proof connecting him to heroin packaged in similar glassine envelopes found in mailbox corresponding to the same apartment).
 
 
 7
 The district court also found that the evidence's probative value was not unduly outweighed by its prejudice so as to be excluded under Rule 403. The judge stated, "I am convinced that the probative value of this under the circumstances, especially since knowledge and intent was a very real part of these charges, outweighs prejudicial effect."
 
 
 8
 When Judge Block offered to give a limiting instruction at the time the evidence was introduced, defense counsel objected to such an instruction. However, the court later gave such an instruction during its charge to the jury, explaining the proper purposes for which the evidence could be used and stating that it "may not be considered by you for any other purpose since the defendant is not on trial for the possession of these credit cards or for any other act not alleged in the indictment." The record thus shows that the admission of the evidence was proper and well within the judge's discretionary power.
 
 
 9
 Minkowitz further argues that the district court erred by imposing a two-level enhancement under Sentencing Guidelines § 3B1.1(c). That provision authorizes a two-level enhancement if the defendant was "an organizer, leader, manager or supervisor" of a criminal activity involving less than five participants. Here too Minkowitz's argument fails to overcome the established standard of review. The district court's finding under the sentencing guidelines "is a factual determination that will not be overturned unless clearly erroneous." Pitre, 960 F.2d at 1126.
 
 
 10
 The evidence at trial showed that Minkowitz recruited and gave instructions to Menachem Katz, who twice traveled to Canada and rented cars as part of the auto theft scheme. Judge Block found, "There is no question that the record clearly establishes that Mr. Minkowitz clearly gave directions to Mr. Katz regarding many aspects as to how he was to carry out the scheme." Minkowitz initially recruited Katz to participate in the scheme; instructed Katz to obtain passport photos for use in making the phony driver's licenses; maintained control over the first car that Katz rented and refused to let Katz use the car after Katz had driven it to New York; and shouted instructions to Katz in a conversation taped by Customs agents once Katz had been caught at the Canadian-U.S. border during his second trip to Canada.
 
 
 11
 The evidence is more than sufficient to qualify Minkowitz as a supervisor or manager under U.S.S.G. § 3B1.1(c), who " 'exercise[d] some degree of control over others involved in the commission of the offense.' " United States v. Payne, 63 F.3d 1200, 1212 (2d Cir.1995), cert. denied, 116 S.Ct. 1056 (1996) (Citing United States v. Liebman, 40 F.3d 544, 548 (2d. Cir.1994)). Recruitment of an additional party has also specifically been found to justify an enhancement under this provision. See United States v. Greenfield, 44 F.3d 1141, 1146-47 (2d Cir.1995). Nor does the possibility that there was a party even higher up in the conspiracy who may have exercised supervisory power over Minkowitz negate the finding under § 3B1.1(c) that Minkowitz managed Katz and deserves the corresponding two-level enhancement. United States v. Leonard, 37 F.3d 32, 38 (2d Cir.1994) ("It is irrelevant that [the defendant] may have undertaken these supervisory activities at someone else's behest; what is dispositive is that he took a management role in the criminal scheme."). The district court's two-level enhancement under § 3B1.1(c) was thus proper.
 
 
 12
 We therefore affirm.